(Docket Entry Nos. 86 & 87)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

HARBOUR COVE MARINE
SERVICES, INC.,

       Plaintiff/Counterclaim Defendant,

       v.                                  Civil No. 02-1695 (RBK)

ELLIS RABINOWITZ, et al.,

       Defendants/Counterclaim Plaintiffs.

_____

HARBOUR COVE MARINE
SERVICES, INC.,

       Third-Party Plaintiff

       v.

SHRINKFAST MARKETING, et al.,

       Third-Party Defendants.

## O P I N I O N

**KUGLER**, United States District Judge:

       This matter is before the Court on separate but similar motions for summary

judgment by Third-Party Defendants AEP Industries, Inc. ("AEP") and Marine

Equipment and Supply Co. ("Mesco"). AEP moves for partial summary judgment on all of the third-party claims brought against it under the New Jersey Consumer Fraud Act, codified at N.J. Stat. Ann. § 56:8-2 ("CFA"). Mesco also moves for summary judgment on the claims against it under the CFA. In addition, Mesco moves for summary judgment on all claims against it under the New Jersey Products Liability Act, codified at 2A:58C-1 et seq. ("PLA"). For the reasons set forth below, the Court will (1) grant the motion for partial summary judgment by AEP; (2) grant Mesco's motion for summary judgment on the CFA claims; and (3) deny Mesco's motion for summary judgment on the PLA claims.


## I. INTRODUCTION

This case is about many disputes over who is to blame for a fire that started at Harbour Cove Marine Services ("HCMS") when Mike Perry, an HCMS employee, attempted to repair some loose shrinkwrap on the vessel *Forget-Me-Knot*. Shrinkwrap is used on boats to prepare them for winter storage. The process is simple. In essence, one takes a large roll of shrinkwrap and wraps it around the boat. The shrinkwrap is sealed by heating the shrinkwrap with a heat gun so that the shrinkwrap melts onto itself. Evidenced by the fact that the Court is recounting this story, Perry was not entirely successful in wrapping the *Forget-Me-Knot*. Rather, while Perry was attempting to repair some loose wrapping by applying a flame to the shrinkwrap of the *Forget-Me-Knot*, the shrinkwrap caught fire, leading to significant damage to the *Forget-Me-Knot* along with

2

several other vessels.

AEP manufactures the shrinkwrap that caught fire at HCMS. HCMS bought the shrinkwrap from Mesco, who sells the shrinkwrap under a Mesco label. Shrinkfast Marketing manufactures the heat gun that Perry used to seal the shrinkwrap. HCMS bought the heat gun from Mesco as well. The Court need not delve any further into the facts of this case because its decisions on the motions before it are based almost entirely on the burdens of the moving and nonmoving parties under Federal Rule of Civil Procedure 56.

HCMS instituted this action by filing a complaint seeking a declaratory judgment, pursuant to 28 U.S.C. § 2201, that, among other things, HCMS is not liable for damages to any yachts or boats and that Defendants must indemnify and hold HCMS harmless for all damages. The original Defendants were several boat owners, including the owner of the *Forget-Me-Knot*. The remaining Defendants from that original group of boat owners are Ellis Rabinowitz, Edward Grogan, David Rain, William and Nancy Clementi, and Mike Perry. (hereinafter "the boat owners"). The boat owners filed third-party claims under the CFA and PLA against Mesco and AEP, among others. AEP now moves for partial summary judgment on the CFA claims brought by the boat owners. Mesco moves for summary judgment on all claims under the PLA and CFA brought by the boat owners.

3

## II. DISCUSSION

The Court's decision is based on the burdens imposed on the parties by FED. R. CIV. P. 56. Mesco and AEP have met their burdens with respect to the CFA claims against them by pointing to a lack of evidence in the record that would support claims under the CFA. The boat owners have declined to meet their burdens of demonstrating that there are genuine issues of material facts on the CFA claims. Mesco has failed, however, to meet its initial burden on its motion for summary judgment concerning the PLA claims against it.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether there is a disputed issue of material fact, a court must view the facts and all reasonable inferences in a light most favorable to the nonmoving party. Id. at 250; Anderson v. Consol. Rail Corp., 297 F.3d 242, 247 (3d Cir. 2002).

The moving party always "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the

4

nonmoving party bears the burden of persuasion at trial, however, "the burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court· that there is an absence of evidence to support the nonmoving party's case." Id. at 325. The non-moving party "may not rest upon the mere allegations or denials of" its pleadings and must present more than just "bare assertions, conclusory allegations or suspicions" to establish the existence of a genuine issue of material of fact. FED. R. CIV. P. 56(e); Jalil v. Avdel Corp., 873 F.2d 701, 707 (3d Cir. 1989) (citation omitted). "A party's failure to make a showing that is 'sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial' mandates the entry of summary judgment." Watson v. Eastman Kodak Co., 235 F.3d 851, 857 (3d Cir. 2000) (quoting Celotex, 477 U.S. at 322).

### A. Claims Under the PLA

The entire section of Mesco's brief in support of its motion for summary judgment on the PLA claims reads as follows:

> N.J.S. [sic] 2A:58C-9 provides:
>
> a. In any product liability action against a product seller, the product seller may file an affidavit certifying the correct identity of the manufacturer of the product which allegedly caused the injury, death or damage.
>
> b. Upon filing the affidavit pursuant to subsection A. of this section, the product seller shall be relieved of all strict liability claims, subject to the provisions set forth in subsection d. of this

section.   Due diligence shall be exercised in providing the
plaintiff with the correct identity of the manufacturer or
manufacturers.

In this case various parties have asserted products liability claims including the
design, manufacture and warranty of the Shrinkfast heatgun and the AEP
shrinkfilm against MESCO.  MESCO has identified the manufacturers of both
products in answers to interrogatories and through discovery.  There is no
reasonable basis upon which to keep MESCO in the case.  Pursuant to N.J.S.A.
2A:58C-9 a. and b., all claims of HCMS, Standard Fire and the boat owners
products liability, including but not limited to the design, manufacture and
warranty of the products as against MESCO must be dismissed.

Mesco's Brief in Support of its Motion for Summary Judgment at pp. 3-4.

Initially, the Court finds that Mesco's attempt to take advantage of

subsections (a) and (b)–listed accurately above–is deficient.  The only evidence in the

record tending to show that Mesco has identified AEP and Shrinkfast as the

manufacturers of the products at issue is found in Mesco's "Certified Answers" to

Plaintiff's first set of interrogatories.  Mesco's answers are not, however, sufficient to

serve as an affidavit under New Jersey law or the Local Civil Rules.  Specifically, the

person who signed the so-called certified answers–whose identity is not provided[1]–did not

state that the answers were provided based on personal knowledge.  An affidavit must be

restricted to statements within the personal knowledge of the affiant.  L. CIV. R. 7.2 (a).

Statements that are not attributable to the affiant's personal knowledge must be

disregarded.  Cannon v. Cherry Hill Toyota, 190 F.R.D. (D.N.J. 1999).  Specific to this

---

[1] The statement is signed but the Court cannot decipher the signor's name.

6

case, statements that are not based on personal knowledge are insufficient to invoke the

protections found in N.J. STAT. ANN. § 2A:58C-9. See Claypotch v. Heller, Inc., 823

A.2d 844, 854 (N.J. Super. App. Div. 2003). Because the certification from the unknown

person in this case states only that the answers provide are "true" but never states whether

they are based on personal knowledge, the Court finds Mesco's attempt to avail itself of

the exculpatory provisions of section 2A:58C-9 deficient.

　　　　　Leaving this deficiency aside, Mesco's motion fails for another reason. As

a moving party that will not have the burden of proof at trial, Mesco's burden on

summary judgment was to, at least, demonstrate, or point out to the Court, that the record

does not contain evidence of an essential element of the boat owners' case. See Celotex,

477 U.S. at 325. Mesco's conclusory statement that there is no reasonable basis to keep it

in the case, is not sufficient to carry this relatively light burden. Apparently, Mesco

believed that once it identified the respective manufacturers of the allegedly defective

products, it could not be held liable in this case. But section 2A:58C-9 is not so simple

and the provision in subsection (b) that shields product sellers such as Mesco from

liability states that the relief from liability is "subject to the provisions set forth in

subsection d." Thus, a party's entitlement to dismissal under subsection (b) is dependent

on the party's not being subject to liability under the provisions of subsection (d).

Subsection (d) provides several scenarios in which a product seller will be held liable

despite its having identified the original manufacturer. One scenario, relevant here, in

which a seller will remain liable is where the seller "has exercised some significant control over the design, manufacture, packaging or labeling of the product relative to the alleged defect in the product which caused the injury, death or damage . . . ." N.J. STAT. ANN. § 2A:58-C(d)(1).

Establishing that the provisions of subsection (d) do not apply is a necessary step for a defendant seeking to take advantage of the protections of subsection (b). As stated by the appellate division in Claypotch, "before a retail seller will be relieved of liability under N.J.S.A. 2A:58C-9, it must be shown to be truly innocent of responsibility for the alleged defective product and the injured party must have a viable claim against the manufacturer." Claypotch, 823 A.2d at 852. Thus, to be entitled to judgment as a matter of law, pursuant to FED. R. CIV. P. 56(c), Mesco needed to either present evidence showing that the provisions of subsection (d) do not apply and that the manufacturers of the products at issue are available from which to recover a judgment; or point to a lack of evidence in the record supporting opposite conclusions.

Mesco chose to do neither. Instead, it simply states that it is entitled to be dismissed from the action because it has identified the manufacturers. As can be seen plainly from Mesco's brief reproduced above, Mesco never mentions evidence, a lack of evidence, or the record in its moving papers. Mesco decided to provide a discussion of evidence only after the boat owners responded to Mesco's brief by pointing to evidence they maintain creates an issue of fact whether the provisions of subsection (d) apply. A

8

moving party cannot establish its entitlement to summary judgment by pointing to evidence or a lack of evidence in a reply brief, as opposed to a principal brief. Yeager's Fuel, Inc. v. Pennsylvania Power & Light Co., 22 F.3d 1260, 1273 (3d Cir. 1994) ("In this case, PP & L did not meet its initial burden with respect to the merits. In its motion, it merely informed the court that the complaint itself was inadequate; it was not until it filed its reply brief, to which the Oil Dealers were precluded from responding, that it raised the argument that the Oil Dealers could not support their claims with adequate evidence."). Rather, a reply brief–a tool of advocacy not contemplated by the Rules of Civil Procedure–is made available for the limited purpose of responding to the nonmoving party's arguments or reinforcing the moving party's original position. See Bayer AG v. Schein Pharmaceutical, Inc., 129 F. Supp. 2d 705, 716 (D.N.J. 2001) ("It is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted . . . . The rationale for this rule is self-evident-because the local rules do not permit sur-reply briefs, see L.Civ.R. 7.1(d), a party opposing summary judgment has no opportunity to respond to newly minted arguments contained in reply briefs.") (citations and internal quotation marks omitted); see also Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc., 754 F.2d 404, 410 (1st Cir. 1985) (explaining that district court was presented two options when it received a reply brief raising new grounds for summary judgment: "it could strike the brief or grant plaintiff as the nonmoving party the opportunity to respond to it.").

9

Because Mesco did not carry its initial burden of pointing to a lack of evidence in the record supporting the claims against it, its motion for summary judgment must be denied with respect to the claims brought pursuant to the PLA.

_____

_____ B.  Consumer Fraud Act Claims

With respect to the boat owners' claims under the CFA, Mesco and AEP have met their burdens on summary judgment.  Specifically, Mesco argues "[t]he extensive discovery completed by the parties belies the vague accusations of fraud raised in the initial pleadings . . . . The defendants can point to no conduct on the part of MESCO which rises to the level of willful and wanton conduct which would justify the imposition of treble and/or punitive damages."  AEP sets forth this identical statement—replacing "MESCO" with AEP—and adds, "[d]efendants cannot establish by clear and convincing evidence any substantial aggravating factors evidencing unconscionable conduct by AEP."  Though veiled, these references to the inadequacy of the record after discovery to support the claims of fraud are sufficient to carry the burdens of AEP and Mesco on summary judgment.

The boat owners have declined to meet their burdens as the nonmoving parties under Fed. R. Civ. P. 56 (e).  Specifically, the boat owners stated in their brief in opposition to Mesco's motion that they will not oppose Mesco's motion regarding the CFA claims; and the boat owners simply did not respond to AEP's motion.  The Court

10

will, therefore, enter judgment in favor of AEP and Mesco on the claims brought against them under the CFA.  See FED. R. CIV. P. 56(c) ("If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.").


## III. CONCLUSION

For the reasons stated in the Opinion above, the Court will grant the motion for partial summary judgment by AEP; grant the motion for summary judgment by Mesco as it pertains to the claims under the CFA; and deny the motion for summary judgment by Mesco as it pertains to the claims under the PLA.  An Order will follow.


                                    s/Robert B. Kugler
Dated: 5-3-05                        ROBERT B. KUGLER
                                    United States District Judge

11